**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
_____
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

January 5, 2024

<u>*Via Electronic Filing*</u>
The Honorable Kiyo A. Matsumoto, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Cooper v. Fire & Ice Trucking, Corp. et al*
                  <u>Case No.: 1:23-cv-01675-KAM-TAM</u>

Dear Honorable Judge Matsumoto:

      This law firm represents Plaintiff Demitrus Cooper (the "Plaintiff") in the above-referenced action.

      Pursuant to Your Honor's Individual Motion Practice Rules, this letter respectfully serves to respond to Your Honor's December 19, 2022 Order.

      At the outset, Plaintiff's counsel wishes to apologize to the Court for the scrivener's errors contained in the affidavit in support of Plaintiff's Motion for Default [Dckt. Nos. 18-22] (the "Motion for Default"). As explained below, the scrivener's errors were neither willful nor deliberate. It is respectfully submitted that the Court should not impose sanctions, where, as here; (i) Plaintiff's counsel has historically complied with this Court's orders; (ii) Plaintiff's counsel's noncompliance was substantially justified; and (iii) the circumstances make an award of expenses unjust.

      **I.    Legal Standard**

Fed.R.Civ.P. 11 states, in relevant part:

"By presenting to the court a pleading, written motion, or other paper…an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

    (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

    (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b).

Rule 11(c) also provides that a Court may, after notice and opportunity to respond, sanction an attorney who violates Rule 11(b). *Garcia v. Paylock*, 2014 WL 298593, at *9 (E.D.N.Y. 2014) (citing Fed.R.Civ.P. 11(b)(2)). Rule 11 sanctions should be granted with caution, applied only when "a particular allegation is utterly lacking in support." *Rogers v. Henry*, 2017 WL 5495805, at *4 (E.D.N.Y. 2017) (citation omitted). A pleading or motion violates Rule 11 if it is "frivolous, legally unreasonable, or factually without foundation..." *Wechsler v. Hunt Health Sys., Ltd.*, 216 F. Supp. 2d 347, 356 (S.D.N.Y. 2002). Furthermore, any sanction imposed for violation of Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Star *Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 2009 WL 2922851, at *13 (E.D.N.Y. Sept. 8, 2009), *aff'd*, 682 F.3d 170 (2d Cir. 2012) (citing Fed.R.Civ.P. 11(c)(4)).

To that end, "Rule 11 allows a party to remedy the misrepresentations before imposing sanctions." *Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 263 fn.3 (E.D.N.Y. 2011)

**II.     Analysis**

**A. The Scriver's Errors in the Affidavit in Support of the Motion for Default Judgment Were Neither Intentional nor Deliberate**

The scrivener's errors[1] in the affidavit in support of the Plaintiff's Motion for Default Judgment were the result of an administrative oversight.

Prior to the filing of the Motion for Default Judgment, the undersigned directed Plaintiff's counsel's paralegal to prepare an affidavit in support of the Motion for Default Judgment. Specifically, the undersigned's directives were to prepare an affidavit – for the Plaintiff's execution – that aligned with the allegations in Plaintiff's Complaint [Dckt. No. 1], *i.e.,* that Plaintiff worked as a driver and general worker at Defendants' courier company known as "Fire & Ice Trucking", as follows:

| Start | End | Avg. Hours per Week | Flat Salary |
|---|---|---|---|
| 5/1/2017 | 12/31/2017 | 55.0 | $750.00 |
| 1/1/2018 | 12/31/2018 | 55.0 | $750.00 |
| 7/1/2021 | 12/31/2021 | 55.0 | $750.00 |
| 6/1/2022 | 9/30/2022 | 55.0 | $750.00 |
| 10/1/2022 | 12/31/2022 | 71.5 | $750.00 |
| 1/1/2023 | 1/4/2023 | 71.5 | $750.00 |

Plaintiff's counsel's paralegal confirmed receipt of the undersigned's directives. However, as noted in the Court's December 19, 2023 Order – the affidavit in support of the Plaintiff's Motion for Default Judgment – contained the following scrivener's errors: (i) the affidavit references an individual by the name of "Alfredo Andrade Solis"; and (ii) the affidavit references a business

---

[1] The scrivener's errors reference an individual by the name of "Alfredo Andrade Solis", and a business identified as "Tropical Restaurant". [*See* Dckt. No. 21].

identified as "Tropical Restaurant". These scrivener's errors were isolated to three (3) sections of the affidavit, *to wit*: the document title, the introductory declaration, and in paragraph 4.

The misidentified individual and business in the affidavit were both inadvertent scrivener's errors. Apart from these scrivener's errors, the substance of the affidavit tracks the allegations of the Complaint, including, *inter alia*: Plaintiff's schedule, Plaintiff's start and end dates of employment, and Plaintiff's compensation. It was the substance of these allegations, that Plaintiff signed, and attested to, in the verification page to the affidavit.

Plaintiff's counsel acknowledges the inconvenience caused to the Court, resulting from this error. Plaintiff's counsel also wishes to inform the Court that it has since reinforced its pre-filing, internal review, policies to avoid the reoccurrence of similar mistakes in the future. Plaintiff's counsel has taken affirmative measures to reinforce its filing polices, to avoid the recurrence of similar mistakes in the future.

The undersigned, once again, wishes to apologize to the Court, and to the Court Clerk, for the error, and thanks the Court for its attention to the foregoing.

### B.  The Circumstances Make an Award of Expenses Unjust

The imposition of sanctions is not warranted where, as here, they would not serve a just purpose. The substantive, factual contentions, in the affidavit filed in support of the Motion for Default Judgment were nonfrivolous, and were based on evidentiary support, *to wit:* Plaintiff's testimony. The misidentified individual and business in the affidavit were both inadvertent scrivener's errors. Moreover, the Motion for Default Judgment was not presented for any improper purpose.

Sanctions would not serve as a deterrent effect considering the fact that: (i) the scrivener's errors were the result of a paralegal's inadvertent oversight; (ii) Plaintiff's counsel's paralegal is no longer employed at the undersigned law firm; and (iii) Plaintiff's counsel has taken affirmative measures to reinforce its filing polices, to avoid the recurrence of similar mistakes in the future. Thus, the scrivener's errors in the affidavit were not a willful nor deliberate act or omission.

Lastly, "Rule 11 allows a party to remedy the misrepresentations before imposing sanctions." *Lodge*, 787 F. Supp. 2d at 263 fn.3. The undersigned counsel is in the process of re-filing the Motion for Default Judgment, pursuant to the directives contained in Your Honor's December 19, 2022 Order.

### III.   Conclusion

Plaintiff's counsel apologizes, again, to the Court for the inconvenience. However, the totality of the circumstances does not justify an award of sanctions or expenses.

Thank you, in advance, for your time and attention to this matter.

       Respectfully submitted,

       LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
     Jason Mizrahi, Esq.
     60 East 42nd Street, Suite 4700
     New York, New York 10165
     Tel. No.: (212) 792-0048
     Email: Jason@levinepstein.com
     *Attorneys for Plaintiff*

VIA ECF: All Counsel