```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DEMITRUS COOPER,

                Plaintiff,            ORDER TO SHOW CAUSE AND
                                      TEMPORARY RESTRAINING ORDER
     - against -
                                      23-CV-1675(KAM)(TAM)
FIRE & ICE TRUCKING, CORP., and
CHERYL OWENS,

                Defendants.
----------------------------------X
```

**KIYO A. MATSUMOTO**, *United States District Judge*:

Plaintiff Demitrus Cooper ("Cooper" or "Plaintiff") commenced this action on March 5, 2023 against Defendants Fire & Ice Trucking, Corp., and Cheryl Owens (together, "Defendants") pursuant to the Fair Labor Standards Act and New York State Labor Law. (*See generally* ECF No. 1.)  The Clerk of the Court entered default against Defendants pursuant to Federal Rule of Civil Procedure ("Rule") 55(a) on April 21, 2023 (ECF No. 12), and, on July 9, 2024, the Court granted default judgment pursuant to Rule 55(b)(2).  (*See* ECF Nos. 25–34 (Plaintiff's motion for default judgment); ECF No. 35 (July 9, 2024 Memorandum and Order); ECF No. 36 (July 9, 2024 Default Judgment); ECF No. 37 (Plaintiff's July 9, 2024 affidavit of service on Defendants of Memorandum and Order and Default Judgment).)

Following entry of default judgment on July 9, 2024, nothing was filed on the docket in this action for over nine months. Then, between April 21, 2025 and May 2, 2025, Plaintiff filed three affidavits indicating that he had served restraining notices on three nonparties (the "Restraining Notices"). (*See* ECF Nos. 38-40 (affidavits of service for restraining notices served on Callahan & Fusco LLC, FedEx Corp., and JPMorgan Chase Bank).)

On May 16, 2025, Defendants moved for a temporary restraining order and an order to show cause, asserting that they had not been served with process or documents relating to their default. (ECF No. 46; ECF No. 46-1 ¶¶ 10, 12-15.) Upon the application of Defendants, including the May 16, 2025 declaration of Cheryl Owens (ECF No. 46-1), the paystubs and W-2 forms documenting Plaintiff's employment for Defendant Fire & Ice Trucking, Corp. (ECF No. 46-4), and Defendants' memorandum in support of their motion (ECF No. 46-7), the Court hereby GRANTS Defendants' May 16, 2025 motion as specified herein.

## ORDER TO SHOW CAUSE

**IT IS HEREBY ORDERED** that Plaintiff Demitrus Cooper show cause before this Court in Courtroom 6B South on May 29, 2025 at 5:00 p.m. why an Order should not be issued pursuant to Rules 60(b) and 65(a):

(1) vacating the default judgment entered on July 9, 2024 against Defendants Fire & Ice Trucking, Corp. and Cheryl Owens;

2

(2) staying enforcement of the July 9, 2024 default judgment pending resolution of the underlying motion to vacate; and

(3) enjoining Plaintiff from enforcing or attempting to enforce the Restraining Notices (*see* ECF Nos. 38–40).

## **TEMPORARY RESTRAINING ORDER**

**IT IS FURTHER ORDERED** that pending the show cause hearing and determination of this Order to Show Cause, Plaintiff and all others acting on his behalf (collectively, the "Restrained Parties"), shall, upon service of this Order in the manner described below, be immediately temporarily restrained from enforcing the Restraining Notices (*see* ECF Nos. 38–40).

The Court finds that the issuance of the temporary restraining order ("TRO") is warranted because Defendants have shown: (i) irreparable harm, (ii) sufficiently serious questions going to the merits and a balance of hardships decidedly favoring Defendants, and (iii) that issuance of the TRO is in the public interest. *See State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 79–80 (2d Cir. 2024) (noting party seeking preliminary injunction must show "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest" (quoting *North American Soccer League, LLC v. U.S. Soccer Fed'n*, 883 F.3d 32, 37 (2d Cir. 2018))); *AFA*

3

*Dispensing Grp. B.V. v. Anheuser-Busch, Inc.*, 740 F. Supp. 2d 465, 471 (S.D.N.Y. 2010) ("It is well established that the standard for entry of a temporary restraining order is the same as for a preliminary injunction." (citing *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l, Ltd.*, 190 F. Supp. 2d 577, 580 (S.D.N.Y. 2002))).

*First*, the Court finds that Defendants have sufficiently shown irreparable harm in the form of disruptions to their business operations and loss of good will, including disruptions to their ability to pay and retain their employees, and their ability to satisfy their contractual obligations, absent the TRO.  (*See* ECF No. 46-1 (declaration of Cheryl Owens) ¶ 19); *Register.Com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004) (finding district court did not abuse discretion in finding irreparable harm would have resulted from loss of reputation, good will, and business opportunities); *Team Rubicon Glob., Ltd. v. Team Rubicon, Inc.*, 828 F. App'x 74, 75 (2d Cir. 2020) (same); *ExpertConnect, LLC v. Parmar*, 773 F. App'x 651, 653 (2d Cir. 2019) (same).

*Second*, the Court further finds Defendants have shown "serious questions on the merits" as to their anticipated motion to vacate the July 9, 2024 default judgment. *State Farm*, 120 F.4th at 82 (quoting *North American Soccer League*, 883 F.3d at 37). Specifically, Defendants have filed sworn affidavits and documents tending to show that: (i) Defendants were not properly served with

4

process or Plaintiff's submissions in connection with his motion for default judgment in this action (ECF No. 46-1 (declaration of Cheryl Owens) ¶¶ 12-15); (ii) Plaintiff was not employed by Defendants for the periods during which he alleged that he was so employed (*compare* ECF No. 1 (Complaint) ¶¶ 33-34 (alleging Plaintiff was employed by Defendants from May 2017 through December 2018, from July 2021 through December 2021, and from June 2022 through January 2023), *with* ECF No. 46-4 (Plaintiff's paystubs from September 2020 through January 2021) *and* ECF No. 46-3 (Defendant Fire & Ice Trucking, Corp.'s certificate of incorporation dated July 3, 2019)); and (iii) for the periods during which Plaintiff was in fact employed by Defendants, he was paid at rates distinct from those alleged by Plaintiff (*compare* ECF No. 1 (Complaint) ¶¶ 36–41 (alleging Plaintiff worked between 55 and 77 hours each week during his employment by Defendants but that he was paid a flat salary of $750 per week and did not receive an overtime premium), *with* ECF No. 46-4 (Plaintiff's paystubs reflecting varying gross weekly wages of either $680 or $850)). In particular, the Court notes that conflicting facts regarding whether defaulting defendants have been properly served may be a basis to deny—or in this case to vacate—a motion for default judgment. *See SEC v. Patient Access Sols., Inc.*, No. 22-cv-4447(KAM)(JAM), 2024 WL 3904795, at *6-7 (E.D.N.Y. Aug. 22, 2024) (denying motion for default judgment without prejudice due to

5

conflicting facts concerning corporate defendant's last known business address).

Defendants' May 16, 2025 submissions thus show serious questions going to the willfulness of their default and the existence of one or more meritorious defenses. *See Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001) ("When deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted" (citing *Com. Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994); *Davis v. Musler*, 713 F.2d 907, 915 (2d Cir. 1983))); *see id.* at 174 (plaintiffs' efforts to execute default judgment did not establish that they would be prejudiced if default judgment were vacated). Thus, Defendants' May 16, 2025 submissions demonstrate serious questions as to whether they will prevail in setting aside the April 21, 2023 default (ECF No. 12) and the July 9, 2024 default judgment (ECF No. 36) pursuant to Rules 55(c) and 60(b).

*Third*, Defendants have "demonstrated that the balance of hardships tips decidedly in [their] favor." *State Farm*, 120 F.4th at 84 (citing *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010)). Although issuing the TRO may harm Plaintiff to the extent it delays him from enforcing a default judgment and thus delays his receipt

6

of assertedly unpaid regular, overtime, and spread-of-hours wages, such an interest "can be remedied by monetary damages should [he] later prevail" and is thus outweighed by Defendants' "actual and imminent irreparable harm absent an injunction." *Id.* at 85 (citing *Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002)). The Court finds further support for this conclusion in the record of this case, which suggests that Plaintiff waited over nine months after entry of default judgment on July 9, 2024 to begin his efforts to enforce the default judgment by service of the Restraining Notices in April 2025. After a nine month delay of his own making, Plaintiff is unlikely to be substantially harmed by the further two week delay imposed by the TRO.

*Finally*, Defendants have demonstrated that issuance of the TRO is in the public interest. The Second Circuit has repeatedly noted a preference for actions to be adjudicated on their merits and not based on a party's default. *See, e.g.*, *Pecarsky*, 249 F.3d at 174 ("It is well established that default judgments are disfavored."); *Henry v. Oluwole*, 108 F.4th 45, 51 (2d Cir. 2024) ("Because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." (alteration adopted; quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993))); *United States v. Starling*, 76 F.4th 92, 100 (2d Cir. 2023) ("courts addressing

7

'motions to set aside default under Rule 55(c) are extremely forgiving to the defaulting party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps'" (quoting *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010))). Thus, issuance of the TRO is in the public interest.

Absent further order of this Court, the TRO will expire 14 days after its entry, on June 2, 2025. *See* Fed. R. Civ. P. 65(b)(2) (TROs expire 14 days after entry absent good cause or consent).

## SECURITY

**IT IS FURTHER ORDERED** that by May 20, 2025, Defendants post an undertaking with the Clerk of the Court in the form of a bond, cash, or check in the amount of $60,000 as security for the payment of such costs and damages as may be incurred or suffered by any party as a result of any undue harm caused by the TRO and Order to Show Cause, and that such undertaking, if in the form of check or cash, shall be held in an interest-bearing account. *See* Fed. R. Civ. P. 65(c) (TRO may only issue "if the movant gives security in an amount that the court considers proper").

## SERVICE OF THIS ORDER AND BRIEFING SCHEDULE

**IT IS FURTHER ORDERED** that service of a copy of this TRO and Order to Show Cause together with Defendants' May 16, 2025 submissions (ECF No. 46) shall be made upon Plaintiff's counsel on or before 5:00 p.m. on May 20, 2025, that Defendants shall file

8

via ECF by May 20, 2025 a declaration of service affirming service on Plaintiff's counsel, that Plaintiff shall file via ECF a response to the Defendants' May 16, 2025 submissions (ECF No. 46) by 5:00 p.m. on May 22, 2025, and that any reply by Defendants shall be filed via ECF by 5:00 p.m. on May 23, 2025.

### **FAILURE TO ATTEND SHOW CAUSE HEARING**

**IT IS FURTHER ORDERED** that Plaintiff is hereby put on notice that failure to attend the show cause hearing scheduled herein shall result in the immediate issuance and confirmation of a preliminary injunction, and that failure of Plaintiff to respond to the Order to Show Cause by May 22, 2025 at 5:00 p.m. shall result in the automatic issuance of a preliminary injunction, which shall be deemed to take effect immediately and shall extend until further order of this Court. The Restrained Parties shall be deemed to have actual notice of the issuance and terms of such preliminary injunction, and any act by any of the Restrained Parties in violation of its terms may be considered and prosecuted as contempt of this Court.

**SO ORDERED.**

Issued: May 19, 2025 at 9:15 a.m.
Brooklyn, New York

_____
HON. KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York