# LAW OFFICE OF ROBERT L. GREENER P.C.
## 136 Madison Avenue, 5th Floor
### NEW YORK, NEW YORK 10016
### (646)415-8920 Phone
### rlg@greenerlegal.com
### www.greenerlegal.com

May 22, 2025

*Via ECF*
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Cooper v. Fire & Ice Trucking, Corp. et al :Case No. 1:23-cv-01675-KAM-TAM**

Dear Judge Matsumoto:

    I represent Defendants Fire & Ice Trucking Corp. and Cheryl Owens in the above-captioned matter. I write in response to Plaintiff's May 23, 2025, letter (ECF No. 53) and pursuant to the Court's May 21, 2025, Order regarding the proposed second extension of the Temporary Restraining Order entered on May 19, 2025 (ECF No. 47).

    Defendants hereby consent to the extension of the Temporary Restraining Order as proposed by Plaintiff and permitted under Federal Rule of Civil Procedure 65(b)(2), in connection with the requested extension of the briefing schedule. However, the dates he suggests for the brief's are problematic. I will be in Florida due to a family emergency from the 30th of May and will not return until June 4th. During this time, I will not be able to review or draft papers. On June 5th, I have an all-day hearing, and a Deposition on June 6th. The following week I will be undergoing an operation and will not be able to work from June 9th until the 12th.

    However, this week Plaintiff has informed Federal Express to release the funds it holds and to discontinue the restraint. As a result, FedEx's attorney has informed me they will be overnighting the withheld funds to my client, and will no longer withhold the money due Fire & Ice going forward. Thus, since my client will have operational funds starting next week, I respectfully ask to extend the briefing schedule to the week of June 16th, as the extended time will not cause prejudice to any party or the Court, and could result in a settlement of matter as counsel suggests.

    I further ask the Court to grant an extension of one week for my client to post the $60,000 bond. As stated above, once the Federal Express payments are received my client will have the funds to post the bond. Unfortunately, the check is being sent by Federal Express overnight and will not be received until Saturday the 24th at the earliest, and most likely not until Tuesday the 27th after the Holiday. Based on this, my client should be able to post the bond by May 30th, at the

latest. Given the above, respectfully stated, extending the time my client has to post the bond will not prejudice any party as Fire & Ice's bank account still remains frozen with sufficient funds to cover the judgment and more.

However, I respectfully write to clarify the record regarding Plaintiff's assertion that Defendants' counsel failed to respond to counsel's meet-and-confer attempts. This is not accurate. When Plaintiff's counsel telephoned our office, I was in depositions the entire day Tuesday and Wednesday, and was unavailable to speak; which, I had communicated to Plaintiff's counsel through email. Plaintiff's counsel again called today, May 22, 2025, at approximately 11:00 a.m., at which time I was again unavailable. He proceeded to file his letter with the Court a half hour later without allowing me time to respond. He did the same extant thing today. In neither instance did Counsel send an email first stating that he was asking for an extension of time before writing to the Court. During the forging time period, Counsel has been speaking with my associate Mokut Udofia, who had relayed information to me and my responses to Mr. Levine. These circumstances do not reflect a failure to respond. Or my ignoring Counsel, but rather a practical scheduling conflict due to prior deposition obligations. Nor, was my office uncommunicative with Counsel, rather he left me no time to respond.

Defendants have at all times acted in good faith and are fully committed to cooperating with opposing counsel and the Court. We hope this clarification resolves any misunderstanding regarding counsels' communications.

Thank you for your attention to this matter.

Respectfully submitted,

ROBERT L. GREENER

Cc: ECF
Joshua Levine-Epstein
Attorney for Plaintiff