# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.:
Date Purchased:

------------------------------------------------------------------X

JUAN PENA,

**SUMMONS**

                                                    Plaintiffs,

Plaintiff **JUAN PENA**
designates Kings County
as the place of trial.

                    -against-

The basis of venue is:
Defendant's Residence

DEMITRIUS COOPER, FIRE & ICE TRUCKING, CORP.,
FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX
CORPORATION, FEDEX FREIGHT, INC., and FEDERAL
EXPRESS CORPORATION,

Defendant Demitrius Cooper
resides at:
1040 Barbey Street
Brooklyn, NY 11207

                                                    Defendant(s).

------------------------------------------------------------------X

**County of KINGS**

**To the above-named Defendants:**

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of
appearance on the Plaintiffs' Attorney within twenty (20) days after the service of this supplemental
summons, exclusive of the day of service (or within thirty (30) days after the service in complete if
this summons is not personally delivered to you within the State of New York); and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded
herein.

Dated:        Brooklyn, New York
              August 12, 2022


                                    _____
                                    ERIK IKHILOV, ESQ.
                                    **Ikhilov & Associates**
                                    Attorneys for Plaintiffs
                                    **JUAN PENA**
                                    76 W. Brighton Avenue, Suite 212
                                    Brooklyn, NY  11224
                                    718-336-4999


Defendants' Addresses:

DEMITRIUS COOPER
1040 Barbey Street
Brooklyn, NY 11207

FIRE & ICE TRUCKING, CORP.
540 Osborn Street, Apt. 1D
Brooklyn, NY 11212

FIRE & ICE TRUCKING, CORP.
c/o New York State Secretary of State
1 Commerce Plaza
99 Washington Ave.
Albany, NY 12231

FEDEX GROUND PACKAGE SYSTEM, INC.
c/o New York State Secretary of State
1 Commerce Plaza
99 Washington Ave.
Albany, NY 12231

FEDEX FREIGHT, INC.
c/o New York State Secretary of State
1 Commerce Plaza
99 Washington Ave.
Albany, NY 12231

FEDEX CORPORATION
c/o New York State Secretary of State
1 Commerce Plaza
99 Washington Ave.
Albany, NY 12231

FEDERAL EXPRESS CORPORATION
c/o New York State Secretary of State
1 Commerce Plaza
99 Washington Ave.
Albany, NY 12231

**NOTE**: The law provides that

(a) if this summons is served by its delivery to you personally within the City of New York, you
must appear and answer within **TWENTY** days after such service; or

(b) If this Summons is served by delivery to any person other than you personally, or is served
outside the City of New York, or by publication or by any means other than personal
delivery to you within the City of New York, you are allowed **THIRTY** days after proof of
service thereof is filed with the Clerk of this Court within which to appear and answer.

Case 1:23-cv-01675-KAM-TAM   Document 74-2   Filed 07/08/25   Page 4 of 27 PageID #: 1447

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
JUAN PENA,

                                          Plaintiffs,

                    -against-

DEMITRIUS COOPER, FIRE & ICE TRUCKING, CORP.,
FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX
CORPORATION, FEDEX FREIGHT, INC., and FEDERAL
EXPRESS CORPORATION,

                                          Defendant(s).
-------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED
COMPLAINT**

Plaintiff, **JUAN PENA,** by his attorneys, IKHILOV & ASSOCIATES, as and for his

Verified Complaint against the Defendants, **DEMITRIUS COOPER, FIRE & ICE TRUCKING,**

**CORP. (hereinafter "FIRE"), FEDEX GROUND PACKAGE SYSTEM, INC. (hereinafter**

**"GROUND"), FEDEX CORPORATION (hereinafter "FEDEX"), FEDEX FREIGHT, INC.**

**(hereinafter "FREIGHT"), FEDERAL EXPRESS CORPORATION (hereinafter**

**"FEDERAL"),** respectfully submits to the Court, and allege, upon information and belief as

follows:

## **NATURE OF THE ACTION**

1.     This is an action to recover money damages arising out of a motor vehicle accident.

## **JURISDICTION AND VENUE**

2.     The Subject Accident occurred on 35th Street, at, about, and near Skillman Avenue in the
County of Queens, City and State of New York.

3.     The basis on venue is Defendant, DEMITRIUS COOPER's place of residence at 1040
Barbey Street, in the County of Kings, City and State of New York

4.     This action falls within one or more of the exemptions set forth in N.Y. Civ. Proc. L. & R. §
1602.

3

Case 1:23-cv-01675-KAM-TAM    Document 74-2    Filed 07/08/25    Page 5 of 27 PageID #: 1448

## JURY DEMAND

5.      Plaintiff, JUAN PENA, demands a trial by jury in this action.

## PARTIES

6.      That in all times hereinafter alleged, JUNA PENA, was and still is a resident of County of Queens, in the State of New York, and as such he is the subject to the jurisdiction of this Honorable Court.

7.      That in all times hereinafter alleged, Defendant, DEMITRIUS COOPER, was and still is a resident of County of Kings, in the State of New York, and as such he is the subject to the jurisdiction of this Honorable Court.

8.      That in all times hereinafter mentioned, Defendant FIRE was and still is a domestic business corporation duly licensed and authorized to do business in the State of New York, and as such it is the subject to the jurisdiction of this Honorable Court.

9.      That in all times hereinafter mentioned, Defendant FIRE was and still is a foreign business corporation duly licensed and authorized to do business in the State of New York, and as such it is the subject to the jurisdiction of this Honorable Court.

10.      That in all times hereinafter mentioned, Defendant FIRE maintained a regular place of business at 540 Osborn Street, Apt. 1D, in the County of Kings, and State of New York, and as such is the subject to the jurisdiction of this Honorable Court.

11.      That in all times hereinafter mentioned, Defendant FIRE did conduct and carry-on business in the State of New York,

12.      That in all times hereinafter mentioned, Defendant FIRE was and still is a partnership doing business in the State of New York.

13.      That in all times hereinafter mentioned, Defendant FIRE was and still is a limited liability partnership doing business in the State of New York.

14.      That in all times hereinafter mentioned, Defendant FIRE transacted business and derived substantial revenue from goods used or consumed or services rendered within the State of New York, and as such is the subject to the jurisdiction of this Honorable Court.

15.      That in all times hereinafter mentioned, Defendant FIRE derived substantial revenue from interstate or international commerce.

16.      That in all times hereinafter mentioned, Defendant GROUND was and still is a foreign business corporation duly licensed and authorized to do business in the State of New York.

4

17.     That in all times hereinafter mentioned, Defendant GROUND was and still is a domestic business corporation duly licensed and authorized to do business in the State of New York, and as such he is the subject to the jurisdiction of this Honorable Court.

18.     That in all times hereinafter mentioned, Defendant GROUND maintained a regular place of business at 58-95 Maurice Avenue in the County of Queens, in the State of New York, and as such is the subject to the jurisdiction of this Honorable Court

19.     That in all times hereinafter mentioned, Defendant GROUND did conduct and carry-on business in the State of New York.

20.     That in all times hereinafter mentioned, Defendant GROUND was and still is a partnership doing business in the State of New York.

21.     That in all times hereinafter mentioned, Defendant GROUND was and still is a limited liability partnership doing business in the State of New York.

22.     That in all times hereinafter mentioned, Defendant GROUND transacted business and derived substantial revenue from goods used or consumed or services rendered within the State of New York, and as such is the subject to the jurisdiction of this Honorable Court.

23.     That in all times hereinafter mentioned, Defendant GROUND derived substantial revenue from interstate or international commerce.

24.     That in all times hereinafter mentioned, Defendant FEDEX was and still is a foreign business corporation duly licensed and authorized to do business in the State of New York, and as such he is the subject to the jurisdiction of this Honorable Court.

25.     That in all times hereinafter mentioned, Defendant FEDEX was and still is a domestic business corporation duly licensed and authorized to do business in the State of New York, and as such he is the subject to the jurisdiction of this Honorable Court.

26.     That in all times hereinafter mentioned, Defendant FEDEX maintained a regular place of business at 58-95 Maurice Avenue in the County of Queens, in the State of New York, and as such is the subject to the jurisdiction of this Honorable Court.

27.     That in all times hereinafter mentioned, Defendant FEDEX did conduct and carry-on business in the State of New York,

28.     That in all times hereinafter mentioned, Defendant FEDEX was and still is a partnership doing business in the State of New York.

29.     That in all times hereinafter mentioned, Defendant FEDEX was and still is a limited liability partnership doing business in the State of New York.

5

Case 1:23-cv-01675-KAM-TAM    Document 74-2    Filed 07/08/25    Page 7 of 27 PageID #: 1450

30.     That in all times hereinafter mentioned, Defendant FEDEX transacted business and derived substantial revenue from goods used or consumed or services rendered within the State of New York, and as such is the subject to the jurisdiction of this Honorable Court.

31.     That in all times hereinafter mentioned, Defendant FEDEX derived substantial revenue from interstate or international commerce.

32.     That in all times hereinafter mentioned, Defendant FREIGHT was and still is a foreign business corporation duly licensed and authorized to do business in the State of New York.

33.     That in all times hereinafter mentioned, Defendant FREIGHT was and still is a domestic business corporation duly licensed and authorized to do business in the State of New York, and as such he is the subject to the jurisdiction of this Honorable Court.

34.     That in all times hereinafter mentioned, Defendant FREIGHT maintained a regular place of business at 58-95 Maurice Avenue in the County of Queens, in the State of New York, and as such is the subject to the jurisdiction of this Honorable Court.

35.     That in all times hereinafter mentioned, Defendant FREIGHT did conduct and carry-on business in the State of New York.

36.     That in all times hereinafter mentioned, Defendant FREIGHT was and still is a partnership doing business in the State of New York.

37.     That in all times hereinafter mentioned, Defendant FREIGHT was and still is a limited liability partnership doing business in the State of New York.

38.     That in all times hereinafter mentioned, Defendant FREIGHT transacted business and derived substantial revenue from goods used or consumed or services rendered within the State of New York, and as such is the subject to the jurisdiction of this Honorable Court.

39.     That in all times hereinafter mentioned, Defendant FREIGHT derived substantial revenue from interstate or international commerce.

40.     That in all times hereinafter mentioned, Defendant FEDERAL was and still is a foreign business corporation duly licensed and authorized to do business in the State of New York.

41.     That in all times hereinafter mentioned, Defendant FEDERAL was and still is a domestic business corporation duly licensed and authorized to do business in the State of New York, and as such he is the subject to the jurisdiction of this Honorable Court.

42.     That in all times hereinafter mentioned, Defendant FEDERAL maintained a regular place of business at 58-95 Maurice Avenue in the County of Queens, in the State of New York, and as such is the subject to the jurisdiction of this Honorable Court.

6

Case 1:23-cv-01675-KAM-TAM    Document 74-2    Filed 07/08/25    Page 8 of 27 PageID #: 1451

43.     That in all times hereinafter mentioned, Defendant FEDERAL did conduct and carry-on business in the State of New York.

44.     That in all times hereinafter mentioned, Defendant FEDERAL was and still is a partnership doing business in the State of New York.

45.     That in all times hereinafter mentioned, Defendant FEDERAL was and still is a limited liability partnership doing business in the State of New York.

46.     That in all times hereinafter mentioned, Defendant FEDERAL transacted business and derived substantial revenue from goods used or consumed or services rendered within the State of New York, and as such is the subject to the jurisdiction of this Honorable Court.

47.     That in all times hereinafter mentioned, Defendant FEDERAL derived substantial revenue from interstate or international commerce.

48.     On or about July 29, 2022 and at all times relevant herein, Plaintiff, JUAN PENA, was the lawful operator of a bicycle, (hereinafter referred to as "**vehicle one**") travelling southbound on 35th Street, at, about, and near Skillman Avenue in the County of Queens, City and State of New York.

49.     On or about July 29, 2022 and at all times relevant herein, Defendant, DEMITRIUS COOPER, was the operator of a 2014 Ford truck with New York license plate number 99617MM ("hereinafter referred to as "**vehicle two**") travelling southbound on 35th Street, at, about, and near Skillman Avenue in the County of Queens, City and State of New York

50.     At all times relevant herein, Defendant, DEMITRIUS COOPER, owned vehicle two.

51.     At all times relevant herein, Defendant, DEMITRIUS COOPER, registered vehicle two.

52.     At all times relevant herein, Defendant, DEMITRIUS COOPER, maintained vehicle two.

53.     At all times relevant herein, Defendant, DEMITRIUS COOPER, controlled vehicle two.

54.     At all times relevant herein, Defendant, DEMITRIUS COOPER, operated vehicle two.

55.     At all times relevant herein, Defendant, DEMITRIUS COOPER, inspected vehicle two.

56.     At all times relevant herein, Defendant, DEMITRIUS COOPER, repaired vehicle two.

57.     At all times relevant herein, Defendant, DEMITRIUS COOPER, leased vehicle two.

58.     At all times relevant herein, Defendant, DEMITRIUS COOPER, was the lessee of vehicle two.

7

59.     At all times herein, Defendant DEMITRIUS COOPER drove vehicle two with permission of Defendant, FIRE.

60.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two with permission of Defendant, GROUND.

61.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two with permission of Defendant, FEDEX.

62.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two with permission of Defendant, FREIGHT.

63.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two with permission of Defendant, FEDERAL.

64.     At all times relevant herein, Defendant DEMITRIUS COOPER was in physical control and/or operation of vehicle two with the express permission of a person or entity authorized to give such permission.

65.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle with implied consent of Defendant, FIRE.

66.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two with implied consent of Defendant, GROUND.

67.     At all times relevant herein, Defendant DEMITRIUIS COOPER drove vehicle two with implied consent of Defendant, FEDEX.

68.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two with implied consent of Defendant, FREIGHT.

69.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two with implied consent of Defendant, FEDERAL.

70.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two in the course of his employment with Defendant, FIRE.

71.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two in the course of his employment with Defendant, FEDEX.

72.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two in the course of his employment with Defendant, FREIGHT.

73.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two in the course of his employment with Defendant, GROUND.

8

74.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two in the course of his employment with Defendant, FEDERAL.

75.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two in furtherance of the business of Defendant, FIRE.

76.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two in furtherance of the business of Defendant, FEDEX.

77.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two in furtherance of the business of Defendant, FREIGHT.

78.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two in furtherance of the business of Defendant, GROUND.

79.     At all times relevant herein, Defendant DEMITRIUS COOPER drove vehicle two in furtherance of the business of Defendant, FEDERAL.

80.     At all times relevant herein, Defendant FIRE, owned vehicle two.

81.     At all times relevant herein, Defendant FIRE, had an ownership interest in vehicle two.

82.     At all times relevant herein, Defendant FIRE. was the registrant of vehicle two.

83.     At all times relevant herein, Defendant FIRE, managed vehicle two.

84.     At all times relevant herein, Defendant FIRE, maintained vehicle two.

85.     At all times relevant herein, Defendant FIRE, controlled vehicle two.

86.     At all times relevant herein, Defendant FIRE, operated vehicle two.

87.     At all times relevant herein, Defendant FIRE, inspected vehicle two.

88.     At all times relevant herein, Defendant FIRE, repaired vehicle two.

89.     At all times relevant herein, Defendant FIRE, leased vehicle two.

90.     At all times relevant herein, Defendant FIRE, was the lessee of vehicle two.

91.     At all times relevant herein, Defendant, GROUND, owned vehicle two.

92.     At all times relevant herein, Defendant, GROUND, had an ownership interest in vehicle two.

93.     At all times relevant herein, Defendant, GROUND, was the registrant of vehicle two.

9

94.    At all times relevant herein, Defendant GROUND, managed vehicle two.

95.    At all times relevant herein, Defendant, GROUND, maintained vehicle two.

96.    At all times relevant herein, Defendant, GROUND, controlled vehicle two.

97.    At all times relevant herein, Defendant, GROUND, operated vehicle two.

98.    At all times relevant herein, Defendant, GROUND, inspected vehicle two.

99.    At all times relevant herein, Defendant, GROUND, repaired vehicle two.

100.    At all times relevant herein, Defendant GROUND, leased vehicle two.

101.    At all times relevant herein, Defendant GROUND, was the lessee of vehicle two.

102.    At all times relevant herein, Defendant, FEDEX, owned vehicle two.

103.    At all times relevant herein, Defendant, FEDEX, had an ownership interest in vehicle two.

104.    At all times relevant herein, Defendant, FEDEX, was the registrant of vehicle two.

105.    At all times relevant herein, Defendant FEDEX, managed vehicle two.

106.    At all times relevant herein, Defendant, FEDEX, maintained vehicle two.

107.    At all times relevant herein, Defendant, FEDEX, controlled vehicle two.

108.    At all times relevant herein, Defendant, FEDEX, operated vehicle two.

109.    At all times relevant herein, Defendant, FEDEX, inspected vehicle two.

110.    At all times relevant herein, Defendant, FEDEX, repaired vehicle two.

111.    At all times relevant herein, Defendant FEDEX, leased vehicle two.

112.    At all times relevant herein, Defendant FEDEX, was the lessee of vehicle two.

113.    At all times relevant herein, Defendant, FREIGHT, owned vehicle two.

114.    At all times relevant herein, Defendant, FREIGHT, had an ownership interest in vehicle two.

115.    At all times relevant herein, Defendant, FREIGHT. was the registrant of vehicle two.

10

116.    At all times relevant herein, Defendant FREIGHT, managed vehicle two.

117.    At all times relevant herein, Defendant, FREIGHT, maintained vehicle two.

118.    At all times relevant herein, Defendant, FREIGHT, controlled vehicle two.

119.    At all times relevant herein, Defendant, FREIGHT, operated vehicle two.

120.    At all times relevant herein, Defendant, FREIGHT, inspected vehicle two.

121.    At all times relevant herein, Defendant, FREIGHT, repaired vehicle two.

122.    At all times relevant herein, Defendant FREIGHT, leased vehicle two.

123.    At all times relevant herein, Defendant FREIGHT, was the lessee of vehicle two.

124.    At all times relevant herein, Defendant, FEDERAL, owned vehicle two.

125.    At all times relevant herein, Defendant, FEDERAL, had an ownership interest in vehicle two.

126.    At all times relevant herein, Defendant, FEDERAL, was the registrant of vehicle two.

127.    At all times relevant herein, Defendant FEDERAL, managed vehicle two.

128.    At all times relevant herein, Defendant, FEDERAL, maintained vehicle two.

129.    At all times relevant herein, Defendant, FEDERAL controlled vehicle two.

130.    At all times relevant herein, Defendant, FEDERAL, operated vehicle two.

131.    At all times relevant herein, Defendant, FEDERAL, inspected vehicle two.

132.    At all times relevant herein, Defendant, FEDERAL, repaired vehicle two.

133.    At all times relevant herein, Defendant FEDERAL, leased vehicle two.

134.    At all times relevant herein, Defendant FEDERAL, was the lessee of vehicle two.

135.    The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

136.    The limitations on liability set forth in CPLR Section 1601 do not apply to this action by
reason of one or more of the exemptions set forth in CPLR Section 1602, including, but not limited
to, Sections 1602(2)(iv), 1602(4), 1602(7) and 1602(8).

11

## STATEMENT OF FACTS

137.     On or about July 29, 2022, Plaintiff JUAN PENA, was operating vehicle one southbound on 35th Street, at, about, and near Skillman Avenue in the County of Queens, City and State of New York.

138.     On or about July 29, 2022, Defendant DEMITRIUS COOPER, was operating vehicle two southbound on 35th Street, at, about, and near Skillman Avenue in the County of Queens, City and State of New York ("the aforementioned location").

139.     On or about July 29, 2022, and at all times herein mentioned, 35th Street and Skillman Avenue, in the County of Queens, City and State of New York, were and are public highways, roadways, and/or thoroughfares.

140.     On or about July 29, 2022, and at all times relevant herein, there was contact between the aforementioned vehicles ("the aforesaid contact") at or near the aforementioned location.

141.     On or about July 29, 2022 at approximately 4:00 pm, there was contact between the aforementioned vehicles at or near the aforementioned location.

142.     The aforesaid contact was severe and violent.

143.     At the time of the aforesaid contact, the defendants herein, and each of them, operated their motor vehicle in such a manner as to cause the aforesaid contact.

144.     The said accident and aforesaid contact at the aforementioned location was the result of, caused and occasioned through and by reason of the carelessness, recklessness and negligence of the defendants herein, and each of them, their agents, servants, and/or employees, in the ownership, operation, maintenance, inspection, repair, custody and control of their motor vehicle; in carelessly and negligently operating their motor vehicle at a fast and excessive rate of speed under the circumstances and conditions then and there prevailing; in failing to be reasonably alert; in failing to give notice or warning of the approach of their motor vehicle prior to the contact and collision; in failing to obey traffic control devices at the aforementioned time and place; in failing to heed and obey traffic regulations at the aforementioned time and place; in failing to make adequate and proper use of brakes, horns, signals and steering mechanisms prior to the said contact and collision; in failing to operate their motor vehicle in a reasonable safe manner and distance; in failing to exercise and maintain reasonable and proper control over their motor vehicles; in losing control of their motor vehicle; in failing to avoid a collision and contact; in failing to yield the right of way; in operating their motor vehicle in a dangerous manner; in failing to act as reasonable, safe and prudent drivers; in allowing negligent, reckless and careless drivers to operate their motor vehicle; in the negligent hiring, training, and retention of their agents, servants and/or employees, and in particular, defendant driver DEMITRIUS COOPER; in the negligent entrustment of their motor vehicle by defendants, FIRE, GROUND, FEDEX, FREIGHT, and FEDERAL; in violating and failing to comply with the laws, codes, rules, statutes and ordinances in effect at the aforementioned time and

12

place; and defendants, and each of them, were otherwise careless, reckless and negligent in the ownership and operation of their motor vehicles.

145.    As a result of the aforesaid contact, Plaintiff JUAN PENA was seriously injured at the aforementioned location.

146.    As a result of the aforesaid contact, Plaintiff JUAN PENA sustained a "serious" injury as such term is defined in Section 5102 of the Insurance Law of the State of New York, and being a covered person claiming against a covered person, is entitled to recover for non-economic loss, including pain, suffering, disfigurement and disability. Moreover, Plaintiff is entitled to recover for such economic loss as exceeds basic economic loss.

147.    At all times relevant herein, Plaintiff JUAN PENA did not engage in any conduct that was a substantial factor in causing the aforesaid contact.

148.    At all times relevant herein, any conduct on the part of Plaintiff JUAN PENA that might have contributed to the aforesaid contact was not negligent, reckless, wanton or intentional.

149.    At all times relevant herein, any conduct on the part of Plaintiff JUAN PENA that might have contributed to the aforesaid contact was not negligent, reckless, wanton or intentional.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT DEMITRIUS COOPER

150.    Plaintiff, JUAN PENA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

151.    Defendant DEMITRIUS COOPER was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of vehicle two; in failing to properly operate, maintain, repair, and care for vehicle two; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a roadway; in failing to give due and proper warning of the movements of said motor vehicle; in failing to heed traffic controls; in rear-ending the plaintiff's vehicle; in failing to yield the right of way to the plaintiff's vehicle; in changing lanes in unsafe manner; in failing to signal or give signals; in failing to afford Plaintiff, JUAN PENA, a reasonable opportunity to reach a place of safety; in operating vehicle two as to cause the same to come into contact with such objects and/or such persons as involved in said accident; in so operating vehicle two as to cause the same to be in such a position on the streets as to endanger the safety of others; in operating said vehicle two at such speeds at such location as to cause the same to be of danger to others; and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice, and in such cases made and provided.

152.    At all times relevant herein, it was the duty of Defendant DEMITRIUS COOPER and/or Defendant's agents, servants, and/or employees to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

13

153. At all times relevant herein, Defendant DEMITRIUS COOPER and/or Defendant's agents, servants, and/or employees breached their duty to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

154. At all times relevant herein, it was the duty of Defendant DEMITRIUS COOPER and/or Defendant's agents, servants, and/or employees to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

155. At all times relevant herein, Defendant DEMITRIUS COOPER and/or Defendant's agents, servants, and/or employees breached their duty to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

156. The aforesaid conduct and breach of duties of Defendant DEMITRIUS COOPER caused the aforesaid contact at the aforementioned location.

157. The aforesaid conduct and breach of duties of Defendant DEMITRIUS COOPER was a substantial factor in causing the aforesaid contact at the aforementioned location.

158. As a result of the foregoing, Plaintiff, JUAN PENA, was seriously injured as aforementioned and were, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

159. As a result of the foregoing, Plaintiff, JUAN PENA, was damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT "FIRE"

160. Plaintiff, JUAN PENA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

161. Defendant FIRE was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of vehicle two; in failing to properly maintain, repair, operate, and care for vehicle two; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a roadway; in failing to give due and proper warning of the movements of said motor vehicle; in failing to heed traffic controls; in rear-ending the plaintiff's vehicle; in failing to yield the right of way to the plaintiff's vehicle; in changing lanes in unsafe manner; in failing to signal or give signals; in failing to afford Plaintiff, JUAN PENA, a reasonable opportunity to reach a place of safety; in operating vehicle two as to cause the same to come into contact with such objects and/or such persons as involved in said accident; in so operating vehicle two as to cause the same to be in such a position on the streets as to endanger the safety of others; in operating said vehicle two at such speeds at such

14

Case 1:23-cv-01675-KAM-TAM   Document 74-2   Filed 07/08/25   Page 16 of 27 PageID #: 1459

location as to cause the same to be of danger to others; and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice, and in such cases made and provided.

162.    At all times relevant herein, it was the duty of Defendant FIRE and/or Defendant FIRE's agents, servants, and/or employees to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

163.    At all times relevant herein, Defendant FIRE and/or Defendant FIRE's agents, servants, and/or employees breached their duty to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

164.    At all times relevant herein, it was the duty of Defendant FIRE and/or Defendant FIRE's agents, servants, and/or employees to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

165.    At all times relevant herein, Defendant FIRE and/or Defendant FIRE's agents, servants, and/or employees breached their duty to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

166.    The aforesaid conduct and breach of duties of Defendant FIRE and/or Defendant FIRE's agents, servants, and/or employees caused the aforesaid contact at the aforementioned location.

167.    The aforesaid conduct and breach of duties of Defendant FIRE and/or Defendant FIRE's agents, servants, and/or employees was a substantial factor in causing the aforesaid contact at the aforementioned location.

168.    As a result of the foregoing, Plaintiff, JUAN PENA, was seriously injured as aforementioned and was, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

169.    As a result of the foregoing, Plaintiff, JUAN PENA, was damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST DEFENDANT "GROUND"

170.    Plaintiff, JUAN PENA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

171.    Defendant GROUND was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of vehicle two; in failing to properly maintain, repair, and care for vehicle two; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a roadway; in failing to give due and proper warning of the movements of said motor vehicles; in failing to heed traffic

15

controls; in rear-ending the plaintiff's vehicle; in failing to yield the right of way to the plaintiff's vehicle; in changing lanes in unsafe manner; in failing to signal or give signals; in failing to afford Plaintiff, JUAN PENA, a reasonable opportunity to reach a place of safety; in operating vehicle two as to cause the same to come into contact with such objects and/or such persons as involved in said accident; in so operating vehicle two as to cause the same to be in such a position on the streets as to endanger the safety of others; in operating said vehicle two at such speeds at such location as to cause the same to be of danger to others; and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice, and in such cases made and provided.

172.    At all times relevant herein, it was the duty of Defendant GROUND and/or Defendant GROUND's agents, servants, and/or employees to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

173.    At all times relevant herein, Defendant GROUND and/or Defendant GROUND's agents, servants, and/or employees breached their duty to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

174.    At all times relevant herein, it was the duty of Defendant GROUND and/or Defendant GROUND's agents, servants, and/or employees to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

175.    At all times relevant herein, Defendant GROUND and/or Defendant GROUND's agents, servants, and/or employees breached their duty to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

176.    The aforesaid conduct and breach of duties of Defendant GROUND and/or Defendant GROUND's agents, servants, and/or employees caused the aforesaid contact at the aforementioned location.

177.    The aforesaid conduct and breach of duties of Defendant GROUND and/or Defendant GROUND's agents, servants, and/or employees was a substantial factor in causing the aforesaid contact at the aforementioned location.

178.    As a result of the foregoing, Plaintiff, JUAN PENA, was seriously injured as aforementioned and was, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

179.    As a result of the foregoing, Plaintiff, JUAN PENA, was damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

16

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANT "FEDEX"

180.    Plaintiff, JUAN PENA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

181.    Defendant FEDEX was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of vehicle two; in failing to properly maintain, repair, and care for vehicle two; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a roadway; in failing to give due and proper warning of the movements of said motor vehicle; in failing to heed traffic controls; in rear-ending the plaintiff's vehicle; in failing to yield the right of way to the plaintiff's vehicle; in changing lanes in unsafe manner; in failing to signal or give signals; in failing to afford Plaintiff, JUAN PENA, a reasonable opportunity to reach a place of safety; in operating vehicle two as to cause the same to come into contact with such objects and/or such persons as involved in said accident; in so operating vehicle two as to cause the same to be in such a position on the streets as to endanger the safety of others; in operating said vehicle two at such speeds at such location as to cause the same to be of danger to others; and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice, and in such cases made and provided.

182.    At all times relevant herein, it was the duty of Defendant FEDEX and/or Defendant FEDEX's agents, servants, and/or employees to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

183.    At all times relevant herein, Defendant FEDEX and/or Defendant FEDEX's agents, servants, and/or employees breached their duty to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

184.    At all times relevant herein, it was the duty of Defendant FEDEX and/or Defendant FEDEX's agents, servants, and/or employees to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

185.    At all times relevant herein, Defendant FEDEX and/or Defendant FEDEX's agents, servants, and/or employees breached their duty to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

186.    The aforesaid conduct and breach of duties of Defendant FEDEX and/or Defendant FEDEX's agents, servants, and/or employees caused the aforesaid contact at the aforementioned location.

187.    The aforesaid conduct and breach of duties of Defendant FEDEX and/or Defendant FEDEX's agents, servants, and/or employees was a substantial factor in causing the aforesaid contact at the aforementioned location.

17

Case 1:23-cv-01675-KAM-TAM Document 74-2 Filed 07/08/25 Page 19 of 27 PageID
#: 1462

188. As a result of the foregoing, Plaintiff, JUAN PENA, was seriously injured as aforementioned and was, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

189. As a result of the foregoing, Plaintiff, JUAN PENA, was damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST DEFENDANT "FREIGHT"

190. Plaintiff, JUAN PENA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

191. Defendant FREIGHT was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of vehicle two; in failing to properly maintain, repair, and care for vehicle two; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a roadway; in failing to give due and proper warning of the movements of said motor vehicles; in failing to heed traffic controls; in rear-ending the plaintiff's vehicle; in failing to yield the right of way to the plaintiff's vehicle; in changing lanes in unsafe manner; in failing to signal or give signals; in failing to afford Plaintiff, JUAN PENA, a reasonable opportunity to reach a place of safety; in operating vehicle two as to cause the same to come into contact with such objects and/or such persons as involved in said accident; in so operating vehicle two as to cause the same to be in such a position on the streets as to endanger the safety of others; in operating said vehicle two at such speeds at such location as to cause the same to be of danger to others; and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice, and in such cases made and provided.

192. At all times relevant herein, it was the duty of Defendant FREIGHT and/or Defendant FREIGHT's agents, servants, and/or employees to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

193. At all times relevant herein, Defendant FREIGHT and/or Defendant FREIGHT's agents, servants, and/or employees breached their duty to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

194. At all times relevant herein, it was the duty of Defendant FREIGHT and/or Defendant FREIGHT's agents, servants, and/or employees to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

195. At all times relevant herein, Defendant FREIGHT and/or Defendant FREIGHT's agents, servants, and/or employees breached their duty to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

18

196.   The aforesaid conduct and breach of duties of Defendant FREIGHT and/or Defendant FREIGHT's agents, servants, and/or employees caused the aforesaid contact at the aforementioned location.

197.   The aforesaid conduct and breach of duties of Defendant FREIGHT and/or Defendant FREIGHT's agents, servants, and/or employees was a substantial factor in causing the aforesaid contact at the aforementioned location.

198.   As a result of the foregoing, Plaintiff, JUAN PENA, was seriously injured as aforementioned and was, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

199.   As a result of the foregoing, Plaintiff, JUAN PENA, was damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

## AS AND FOR A SIXTH CAUSE OF ACTION
## AGAINST DEFENDANT "FEDERAL"

200.   Plaintiff, JUNA PENA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

201.   Defendant FEDERAL was negligent and indulged in culpable conduct by reason of the recklessness and carelessness in the ownership, operation, maintenance, management and control of vehicle two; in failing to properly maintain, repair, and care for vehicle two; in failing to have same under reasonable and proper control; in failing to keep a proper lookout upon a roadway; in failing to give due and proper warning of the movements of said motor vehicles; in failing to heed traffic controls; in rear-ending the plaintiff's vehicle; in failing to yield the right of way to the plaintiff's vehicle; in changing lanes in unsafe manner; in failing to signal or give signals; in failing to afford Plaintiff, JUAN PENA, a reasonable opportunity to reach a place of safety; in operating vehicle two as to cause the same to come into contact with such objects and/or such persons as involved in said accident; in so operating vehicle two as to cause the same to be in such a position on the streets as to endanger the safety of others; in operating said vehicle two at such speeds at such location as to cause the same to be of danger to others; and in violating the statutes, ordinances and regulations, of which the Court will take judicial notice, and in such cases made and provided.

202.   At all times relevant herein, it was the duty of Defendant FEDERAL and/or Defendant FEDERAL's agents, servants, and/or employees to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

203.   At all times relevant herein, Defendant FEDERAL and/or Defendant FEDERAL's agents, servants, and/or employees breached their duty to maintain, repair, inspect, control, manage, and operate vehicle two with due care.

19

204. At all times relevant herein, it was the duty of Defendant FEDERAL and/or Defendant FEDERAL's agents, servants, and/or employees to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

205. At all times relevant herein, Defendant FEDERAL and/or Defendant FEDERAL's agents, servants, and/or employees breached their duty to supervise those employees, agents, and/or servants who assisted in the maintenance, repair, control, management, and operation of vehicle two with due care.

206. The aforesaid conduct and breach of duties of Defendant FEDERAL and/or Defendant FEDERAL's agents, servants, and/or employees caused the aforesaid contact at the aforementioned location.

207. The aforesaid conduct and breach of duties of Defendant FEDERAL and/or Defendant FEDERAL's agents, servants, and/or employees was a substantial factor in causing the aforesaid contact at the aforementioned location.

208. As a result of the foregoing, Plaintiff, JUAN PENA, was seriously injured as aforementioned and was, *inter alia*, caused severe and permanent personal injuries, and suffered emotional distress, mental anguish, fear, pain, embarrassment, and humiliation.

209. As a result of the foregoing, Plaintiff, JUAN PENA, was damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this matter.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### FOR NEGLIGENT HIRING, RETENTION
### AND TRAINING AGAINST DEFENDANT "FIRE"

210. Plaintiff, JUAN PENA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

211. That the defendant FIRE, was responsible for hiring agents, servants and/or employees that were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

212. That the defendant FIRE, was responsible for training all agents, servants and/or employees so that they would be competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

213. That the defendant FIRE, its agents, servants and/or employees were negligent in the hiring, training, retention and supervision of DEMITRIUS COOPER; in failing to investigate and determine whether DEMITRIUS COOPER was competent, and capable to carry out his job and observe necessary safety precautions; in failing to check the driving record, history and ability of

20

DEMITRIUS COOPER; in failing to assure that DEMITRIUS COOPER was properly trained in the operation and safety of the vehicle two; in negligently entrusting DEMITRIUS COOPER with operation of the vehicle two; in negligently hiring DEMITRIUS COOPER in negligently training DEMITRIUS COOPER; in negligently supervising DEMITRIUS COOPER; in negligently retaining DEMITRIUS COOPER; and in violating every rule, regulation, code, statute or ordinance governing the exercise of reasonable care and due diligence in the ownership, operation, maintenance, management and control of the vehicle two including but not limited to the Vehicle and Traffic Law of the State of New York.

214.     That by reason of the foregoing, Plaintiff, JUAN PENA was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; were confined to bed and home; were compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and were otherwise injured or damaged.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING, RETENTION
## AND TRAINING AGAINST DEFENDANT "GROUND"

215.     Plaintiff, JUAN PENA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

216.     That the defendant GROUND, was responsible for hiring agents, servants and/or employees that were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

217.     That the defendant GROUND, was responsible for training all agents, servants and/or employees so that they would be competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

218.     That the defendant GROUND., its agents, servants and/or employees were negligent in the hiring, training, retention and supervision of DEMITRIUS COOPER; in failing to investigate and determine whether DEMITRIUS COOPER was competent, and capable to carry out his job and observe necessary safety precautions; in failing to check the driving record, history and ability of DEMITRIUS COOPER; in failing to assure that DEMITRIUS COOPER was properly trained in the operation and safety of the vehicle two; in negligently entrusting DEMITRIUS COOPER with operation of the vehicle two; in negligently hiring DEMITRIUS COOPER; in negligently training DEMITRIUS COOPER; in negligently supervising DEMITRIUS COOPER; in negligently retaining DEMITRIUS COOPER; and in violating every rule, regulation, code, statute or ordinance governing the exercise of reasonable care and due diligence in the ownership, operation, maintenance, management and control of the vehicle two including but not limited to the Vehicle and Traffic Law of the State of New York

219.     That by reason of the foregoing, Plaintiff, JUAN PENA, was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; were confined to bed

21

FILED: KINGS COUNTY CLERK 08/12/2022 03:24 PM
NYSCEF DOC. NO. 1

INDEX NO. 523431/2022
RECEIVED NYSCEF: 08/12/2022

Case 1:23-cv-01675-KAM-TAM   Document 74-2   Filed 07/08/25   Page 23 of 27 PageID
#: 1466

and home; were compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and were otherwise injured or damaged.

## AS AND FOR A NINTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING, RETENTION
## AND TRAINING AGAINST "FEDEX"

220.    Plaintiff, JUAN PENA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

221.    That the defendant FEDEX., was responsible for hiring agents, servants and/or employees that were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

222.    That the defendant FEDEX, was responsible for training all agents, servants and/or employees so that they would be competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

223.    That the defendant FEDEX, its agents, servants and/or employees were negligent in the hiring, training, retention and supervision of DEMITRIUS COOPER; in failing to investigate and determine whether DEMITRIUS COOPER was competent, and capable to carry out his job and observe necessary safety precautions; in failing to check the driving record, history and ability of DEMITRIUS COOPER; in failing to assure that DEMITRIUS COOPER was properly trained in the operation and safety of the vehicle two; in negligently entrusting DEMITRIUS COOPER with operation of the vehicle two; in negligently hiring DEMITRIUS COOPER; in negligently training DEMITRIUS COOPER; in negligently supervising DEMITRIUS COOPER; in negligently retaining DEMITRIUS COOPER; and in violating every rule, regulation, code, statute or ordinance governing the exercise of reasonable care and due diligence in the ownership, operation, maintenance, management and control of the vehicle two including but not limited to the Vehicle and Traffic Law of the State of New York.

224.    That by reason of the foregoing, Plaintiff, JUAN PENA, was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; were confined to bed and home; were compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and were otherwise injured or damaged.

## AS AND FOR A TENTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING, RETENTION
## AND TRAINING AGAINST "FREIGHT"

225.    Plaintiff, JUAN PENA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

22

226.    That the defendant FREIGHT, was responsible for hiring agents, servants and/or employees that were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

227.    That the defendant FREIGHT, was responsible for training all agents, servants and/or employees so that they would be competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

228.    That the defendant FREIGHT, its agents, servants and/or employees were negligent in the hiring, training, retention and supervision of DEMITRIUS COOPER; in failing to investigate and determine whether DEMITRIUS COOPER was competent, and capable to carry out his job and observe necessary safety precautions; in failing to check the driving record, history and ability of DEMITRIUS COOPER; in failing to assure that DEMITRIUS COOPER was properly trained in the operation and safety of the vehicle two; in negligently entrusting DEMITRIUS COOPER with operation of the vehicle two; in negligently hiring DEMITRIUS COOPER; in negligently training DEMITRIUS COOPER; in negligently supervising DEMITRIUS COOPER; in negligently retaining DEMITRIUS COOPER; and in violating every rule, regulation, code, statute or ordinance governing the exercise of reasonable care and due diligence in the ownership, operation, maintenance, management and control of the vehicle two including but not limited to the Vehicle and Traffic Law of the State of New York

229.    That by reason of the foregoing, plaintiff, Plaintiff, JUAN PENA, was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; were confined to bed and home; were compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention; and were otherwise injured or damaged.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## FOR NEGLIGENT HIRING, RETENTION
## AND TRAINING AGAINST "FEDERAL"

230.    Plaintiff, JUAN PENA, repeats, reiterates and realleges each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

231.    That the defendant FEDERAL, was responsible for hiring agents, servants and/or employees that were competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

232.    That the defendant FEDERAL, was responsible for training all agents, servants and/or employees so that they would be competent and capable of properly carrying out their job without causing injury to persons including the plaintiff herein.

233.    That the defendant FEDERAL., its agents, servants and/or employees were negligent in the hiring, training, retention and supervision of DEMITRIUS COOPER; in failing to investigate and determine whether DEMITRIUS COOPER was competent, and capable to carry out his job and

23

Case 1:23-cv-01675-KAM-TAM    Document 74-2    Filed 07/08/25    Page 25 of 27 PageID #: 1468

observe necessary safety precautions; in failing to check the driving record, history and ability of DEMITRIUS COOPER; in failing to assure that DEMITRIUS COOPER was properly trained in the operation and safety of the vehicle two; in negligently entrusting DEMITRIUS COOPER with operation of the vehicle two; in negligently hiring DEMITRIUS COOPER; in negligently training DEMITRIUS COOPER; in negligently supervising DEMITRIUS COOPER; in negligently retaining DEMITRIUS COOPER; and in violating every rule, regulation, code, statute or ordinance governing the exercise of reasonable care and due diligence in the ownership, operation, maintenance, management and control of the vehicle two including but not limited to the Vehicle and Traffic Law of the State of New York.

234.    That by reason of the foregoing, Plaintiff, JUAN PENA, was rendered sick, sore, lame and disabled, suffered injuries, both internal and external, pain and mental anguish; were confined to bed and home; were compelled to seek medical care and attention; past and future economic damages and upon information and belief, will in the future be compelled to seek medical care and attention.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUAN PENA, demands judgment against each of the Defendants,

DEMITRIUS COOPER,  FIRE & ICE TRUCKING, CORP, FEDEX GROUND PACKAGE

SYSTEM, INC., FEDEX CORPORATION, FEDEX FREIGHT, INC., and FEDERAL EXPRESS

CORPORATION, jointly and severally, on each of the foregoing causes of action alleged herein,

each separately in a sum of money having a present value that exceeds the jurisdictional limits of all

lower courts which would otherwise have jurisdiction of this matter; the costs and disbursements of

this action; and such other and further relief as this Court deems just and proper.

Dated:          Brooklyn, New York
                August 12, 2022

Yours, etc.

_____
ERIK IKHILOV, ESQ
Ikhilov & Associates
Attorneys for Plaintiff
**JUAN PENA**
76 W. Brighton Avenue, Suite 212
Brooklyn, NY  11224
718-336-4999

24

Case 1:23-cv-01675-KAM-TAM    Document 74-2    Filed 07/08/25    Page 26 of 27 PageID #: 1469

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                            ) s.s.:
COUNTY OF KINGS       )

         I, ERIK IKHILOV, being duly sworn, depose and say:

         I, the undersigned, an attorney admitted to practice in the Courts of New York State, state that I am the attorney of record for the Plaintiff in the within action; I have read the foregoing pleading; the same is true of my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true.

Dated:          Brooklyn, New York
                August 12, 2022

                                         _____
                                         ERIK IKHILOV

49,078

IKHILOV & ASSOCIATES
CASE # COOPER, D.

**Empire Process Service, Inc.**
2920 Avenue R, Suite 311
Brooklyn, NY 11229
Tel.: (718) 449-5300

Clear Form    Save As...

Checkbox Reset

**COUNTY OF** KINGS, SUPREME COURT OF THE STATE OF NEW YORK    **INDEX NO.:** 523431/2022

JUAN PENA                                              _Plaintiff(s)_

                                    _against_

DEMETRIUS COOPER, ET AL.                               _Defendant(s)_

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK, COUNTY OF KINGS                ss.:

DANIEL MILLER being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in THE STATE OF NEW YORK

That on 8/23/22  9:10 A.M. at 99 WASHINGTON AVE. ALBANY, NY 12210 deponent served the within E-FILED SUMMONS & VERIFIED COMPLAINT Bearing Index #523431/2022 & filing date on 8/12/22

FIRE & ICE TRUCKING, CORP.                                         defendant therein named.

**INDIVIDUAL** ☐
by delivering thereat a true copy of each to said defendant personally; deponent knew said person so served to be the person described as said defendant therein. (S)He identified (her) himself as such.

**CORPORATION** ☒
a Domestic Corp. , by delivering thereat a true copy of each to COLLEEN BANAHAN personally; deponent knew said Domestic Corp. so served to be the Domestic Corporation described as the named defendant and knew said individual to be the SPECIAL CLERK thereof.

**SUITABLE AGE PERSON** ☐
by delivering thereat a true copy of each to
a person of suitable age and discretion. That person was also asked by deponent whether said premises was the defendant's and the reply was affirmative.

**AFFIXING TO DOOR, ETC.** ☐
by affixing a true copy of each to the door of said premises, which is defendant's within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having verified defendant's with
and having called there on
Service upon the N.Y.S. Secretary of State under Section 306 of the B.C.L. and tendering the required fee

**MAILING** ☐
On                        deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to defendant at defendant's
and deposited said wrapper in a post office of the United States Postal Service within New York State.

**DESCRIPTION**
Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|-----|-----------|-----------|--------------|-----------------|-----------------|
| FEMALE | WHITE | BROWN | 45 | 5'6 | 200 |

**USE IN NYC CIVIL CT.**
Other identifying features:

The language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of said summons(es).

**MILITARY SERVICE** ☐
I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatsoever and received a negative reply.
The source of my information and the grounds of my belief are the conversations and observations above narrated.
Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or Federal statutes.

SWORN TO BEFORE ME ON 08/24/2022

TARA M. MAROLLA
NOTARY PUBLIC, State of New York
No.01MA5035821
Qualified in Richmond County
Commission Expires November 14, ____

BRUCE ANGLIN
NOTARY PUBLIC, State of New York
No.01AN4968753
Qualified in Kings County
Commission Expires November 12

DANIEL MILLER

LICENSE NO. ____